**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO DE JESUS RUBIO-RAUDA, | No. 17-70911 |
| Petitioner, | Agency No. A027-404-577 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Armando De Jesus Rubio-Rauda, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for withholding of removal and relief under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Rubio-Rauda failed to establish that the harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See id.* at 1016 (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). The BIA did not err by declining to consider the proposed social group Rubio-Rauda raised for the first time on appeal. *See Matter of J–Y–C–*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal). Thus, Rubio-Rauda's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Rubio-Rauda failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

17-70911